UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEHACHAPI UNIFIED SCHOOL DISTRICT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>K.M., a minor, by and through her parents and guardians ad litem, DEAN MARKHAM and GRENDA MARKHAM,<br><br>　　　　　Defendants. | No. 1:16-cv-01942-DAD-JLT<br><br><br>ORDER DENYING DEFENDANT'S MOTION TO STAY<br><br>(Doc. No. 8) |

On December 29, 2016, plaintiff Tehachapi Unified School District ("Tehachapi") brought this action pursuant to 20 U.S.C. § 1415 and California Education Code § 56505(K), seeking review of a decision by the California Office of the Administrative Hearings. (Doc. No. 1.) On March 1, 2017, plaintiff Tehachapi moved to stay the California Department of Education's enforcement of the decision issued by the Office of Administrative Hearings. (Doc. No. 8.) On March 1, 2017, defendants filed an opposition and on March 28, 2017 plaintiff filed a reply. (Doc. Nos. 9 and 12.) On April 4, 2017, the matter came before the court for hearing. (Doc. No. 10.) Attorney Kyles Homes appeared telephonically on behalf of plaintiff, and attorney Kelly Kaeser appeared telephonically on behalf of defendants. For the reasons that follow, plaintiff's motion to stay will be denied.

1

**Background**

Defendant K.M. is a minor diagnosed with autism who has been enrolled at Tehachapi at relevant times. On December 1, 2016, the Office of Administrative Hearings issued a decision finding that Tehachapi's predetermination of an offer of speech and language services for defendant K.M. significantly impeded the rights of her parents to meaningfully participate in the decision-making process, and also, independently resulted in a loss of educational opportunity for K.M. causing a denial of free appropriate public education ("FAPE"). (Doc. No. 1 at 28.) The decision ordered Tehachapi to fully fund a 2016 summer program at Lindamood Bell Learning Processes ($15,000), which K.M. had previously attended, plus mileage costs ($3,257.28). (*Id*. at 29–30.)

Tehachapi now moves this court for an order staying enforcement of that decision pending review by this court. (Doc. No. 3.) In doing so, Tehachapi argues that both the 1990 and the current versions of 20 U.S.C. § 1415[1] provide that a decision of a state educational agency's administrative hearing officer is not enforceable while the matter is being appealed to the district court. (*Id*. at 4–5.) In support of this proposition, Tehachapi relies upon the decision in *Clovis Unified School Dist. v. California Office of Administrative Hearings*, 903 F.2d 635, 648 (9th Cir. 1990) ("[u]nder the EHA, the decision of the hearing officer is final and enforceable unless appealed") and the U.S. Department of Education, Office of Special Education and Rehabilitative Services *Letter to Zirkel*, August 22, 2016 ("The SEA, pursuant to its general supervisory responsibility under 34 C.F.R. § 300.149 and 300.600, must ensure that the public agency involved in the due process hearing implements the hearing officer's decision in a timely manner, unless either party appeals the decision."). (*Id*.) Plaintiff Tehachapi also contends that there are no statutes, regulations, or case decisions which provide that a state educational agency's administrative hearings are conducted in accordance with the California Code of Civil Procedure or the Federal Rules of Civil Procedure and that this is not a situation in which a bond must be

---

[1] Title 20 United States Code § 1415 "ensure[s] that children with disabilities and their parents are guaranteed procedural safeguards with respect to the provision of a free appropriate public education." 20 U.S.C. § 1415(a).

posted as in cases where a stay preventing the enforcement of a money judgment is being sought. (*Id*. at 4.)

In opposition, defendants argue that Tehachapi has failed to identify any applicable factors under the federal rules which weigh in favor of its request for a stay pending appeal. (Doc. No. 9 at 2.) Defendants also assert that Tehachapi has made no relevant legal argument in support of its requests and note that plaintiff has not offered to post a supersedeas bond in the amount it has been ordered to pay defendants, as required under Federal Rule of Civil Procedure ("Rule") 62(d).[2]  (*Id*. at 3.)

**Analysis**

The court first observes that by its terms 20 U.S.C. § 1415 does not provide that a decision of a state educational agency's administrative hearing officer is unenforceable while review is being sought before the district court. Indeed, that statutory provision specifically states that a decision rendered in a due process hearing under § 1415(f), as is the case here, "shall be final, except that any party involved in such hearing may appeal such decision under the provisions of subsection (g) [to the state educational agency] and paragraph (2)." 20 U.S.C. § 1415(i)(1)(A) (2005). Paragraph (2) in turn provides:

> [A]ny party aggrieved by the findings and decision made under this subsection, shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States, without regard to the amount in controversy.

*Id*. at § 1415(i)(2)(A). If a civil action is then brought in the district court, the court "basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." *Id*. at § 1415(i)(2)(C)(iii). Accordingly, § 1415 provides a mechanism to seek review by the district court of a decision rendered following an administrative due process hearing and grants the district court authority to alter that administrative decision. However, by

---

[2] Rule 64(d) provides in relevant part, "[i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2). The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond."

its terms that statute does not preclude enforcement of a monetary award while review in the district court is pending. Rather, the statute merely provides that district court "shall grant such relief as the court determines is appropriate." *Id.*

The statute does contain a "stay-put" provision which provides that a child is to remain in "the then-current educational placement of the child," "during the pendency of any proceedings conducted pursuant to this section." *Id*. at § 1415(j). The decision of the Ninth Circuit in *Clovis*, relied upon by plaintiff Tehachapi, held that an earlier version of this provision applied throughout the pendency of court review proceedings and thus the school district was responsible for maintaining a specified educational placement during and throughout review proceedings in the district court. 903 F.2d at 641. Neither the decision in *Clovis*, nor § 1415 by its terms, however, preclude enforcement of a monetary award while review of an administrative decision by the district court is being sought. *See Tamalpais Union High Sch. Dist. v. D. W.*, No. 16-CV-04350-HSG, 2016 WL 5791259, at *8 (N.D. Cal. Oct. 4, 2016) ("the Court holds that 20 U.S.C. § 1415(i)(2) does not provide that all decisions of state educational agencies are automatically stayed pending appeal to a district court or other court of competent jurisdiction."); *D.C. v. Masucci*, 13 F. Supp. 3d 33, 42 (D.D.C. 2014) (interpreting § 1415 and observing, "[t]he decision of a hearing officer is deemed 'final' unless and until it is vacated or modified by . . . the appropriate federal court.").

Moreover, a stay of enforcement of the administrative determination is not justified here. A party seeking a stay of enforcement of an administrative decision must establish: (1) the likelihood of success on the merits; (2) the likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in the favor of the moving party; and (4) that relief is in the public interest. *Humane Soc'y of the U.S. v. Gutierrez*, 558 F.3d 896, 896 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 19 (2008)). Tehachapi has not attempted to carry its burden with respect to these factors here and, in any event, would appear to have great difficulty in demonstrating any irreparable harm. In this regard, it has been recognized that "monetary injury is not normally considered irreparable." *Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1202 (9th Cir. 1980);

*see also San Francisco Unified Sch. Dist. v. S.W.*, No. C-10-05211-DMR, 2011 WL 577413, at *2 (N.D. Cal. Feb. 9, 2011) (finding no irreparable harm and denying motion to stay enforcement of an administrative decision ordering a school district to reimburse tuition, language session fees, and transportation costs following a denial of FAPE).

For all of the reasons set forth above, plaintiff Tehachapi's motion for a stay (Doc. No. 8) is denied.

IT IS SO ORDERED.

Dated: **April 10, 2017**

UNITED STATES DISTRICT JUDGE