Law Offices of Andréa Marcus
Andréa Marcus (SBN 188098)
Email: andrea@andreamarcuslaw.com
133 East De La Guerra St., #143
Santa Barbara, CA 93101
Telephone: (888) 215-9021
Fax: (888) 215-9021
Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEHACHAPI UNIFIED SCHOOL DISTRICT<br><br>　　　　　　Plaintiffs,<br>　　v.<br><br>BRENDA MARKHAM<br><br>　　　　　　Defendants. | CASE No. 1:16-cv-01942-DAD-JLT<br><br>DECLARATION OF ANDRÉA MARCUS |

## DECLARATION OF ANDRÉA MARCUS

I, Andréa Marcus, declare:

1. K.M. is a minor with a disability, and the circumstances of this matter were based upon her disability. Plaintiff formally retained me as counsel on a contingency basis on July 7, 2016, to represent her daughter, a very young girl with autism and emerging language skills. I am lead counsel for Plaintiffs and brought an

CASE No. 1:16-cv-01942-DAD-JLT - DECLARATION OF ANDRÉA MARCUS   1

action before the California Office of Administrative Hearings (OAH) alleging violation of California and federal special education laws. (20 U.S.C. §1400 *et. seq*. and Education Code §56000 *et. seq*.), on Plaintiff's behalf.

2. I have practiced law since 1997, and practiced special education & Children's civil rights law in my solo-practice exclusively since 2000. I am in good standing and admitted to practice before all the California State Courts, the Central and Eastern Federal District Courts, and the 9th Circuit Court of Appeals. I have been the lead attorney in over 180 cases, representing children in IDEA cases in administrative hearings, in federal and state courts, and before the 9th Circuit. I have presented courses certified by the California Bar Association for MCLE credit, on the topic of compelling compliance with the IDEA (20 U.S.C. § 1400 *et. seq.*). I have conducted parent, advocate and attorney trainings on the legal framework of the IDEA and related California Education Codes. I have exclusively handled matters involving enforcement of special education and children's civil rights in public schools since 2000, with the exception of briefly wrapping up three remaining California Environmental Quality Act (CEQA) cases from my prior practice where I practiced environmental protection law, with the law firm of Zimmer & Marcus, LLP, before 2000.

3. Special Education Law is a niche area of law which requires a wide range of legal ability (state inter-agency agreements and responsibilities, and administrative as

well as state and federal procedure and litigation skills) as well as a great deal of non-legal expertise, including the ability to masterfully understand psychiatric, medical, technical and psychological analysis and recommendations from a wide variety of experts, regarding each child's unique needs, and what remedies appropriately serve those needs.  To properly represent a child in his or her claim for appropriate education, in spite of his or her disability, I have mastered a vast area of continually-evolving peer-reviewed and research-based knowledge regarding remediation for a very broad range of disabling conditions to determining appropriate remedies for my clients.  This, in part, explains the fact that the need for my services, and the services of my colleagues who advocate for low-income children, vastly outweighs the number of us available to competently represent children in this area of law.

4. Nonetheless, I, and many of my colleagues, have traveled long distances to represent children in remote areas, as otherwise, the IDEA goes unenforced for whole regions of the State and Country.  In that vein, I have consulted extensively on cases in California, Hawaii and Nevada without pay, and have traveled throughout much of California on my own cases, with the belief that once one family is represented by legal counsel in a School District which has a history of non-compliance with the IDEA, the District will concern itself with compliance

with the IDEA in the future, in consideration of additional families who *may* have access to legal representation. I have represented clients as far south as Garden Grove, as far North as San Miguel, and as far East as Tehachapi.

5. I have personal knowledge of the fact that many of those of us with experience in IDEA and civil rights matters for children, who are willing to represent families on a contingency basis, have waiting lists for representation at this time, including my firm.

6. In every matter I have handled since 2014, my fees were paid at my hourly rate of $425.00 to $500.00 per hour. I have charged $500.00 per hour since January of 2017, in the majority of my cases, and 2018 per hour in all of them.

7. In many ways Plaintiff's case was very difficult. It presented novel issues of law, given the ADA and Section 504 of the Rehabilitation Act rights to reasonable accommodations, as those regulations intersect for the purposes of exhaustion and jurisdiction, to the Individuals with Disabilities Education Act ("IDEA") claims regarding K.M.'s right to a "free and appropriate public education," part of which is her parent's right to be included in the decision-making regarding her education. Determining practical strategies, while taking into consideration K.M.'s urgent need for resolution while she is still young enough to benefit from her ABA therapy, as well as being able to argue the importance and validity of that therapy,

involved consultation with multiple experts.

8. This case was a risky case, as the burden of proof was on K.M., there is no discovery in IDEA cases at the administrative level, and exhaustion of administrative remedies is required.  K.M.'s case had to be proven primarily upon documentation/testimony provided by the Defendant, where all of Defendant's witnesses were also its employees in a small community with limited employment opportunity.

9. Finally, the case was particularly difficult as the case was geographically remote (3.5 hours travel each way from my office), making face-to-face meetings with K.M. and her mother more difficult, to arrange, and precluding time, which would have otherwise been spent on other clients with cases better-documented for litigation.

10. I represented K.M. on a purely contingent basis:  I did not charge her parents any money, and I had no expectation of being paid for my time in the event that I did not prevail at hearing, or receive payment through settlement.  I agreed to represent K.M. knowing that it was possible that I would not be paid for my services, and knowing that I would never be paid for all of my time spent on this case, as much of the work on such a case is not billable time. I contemporaneously kept track of my billable time, billing at an hourly rate of $475.00, until January of 2018, when it was raised to $500.00 per hour, pursuant to recent court awards for fees.

11. I have not been paid anything for my administrative costs by anyone for my work representing Plaintiffs. I have received no other compensation of any kind. I have never been employed or affiliated with any of the defendant's or their insurance carriers.

12. The entries accurately reflect the work that I personally performed, and the work that Mr. Kaeser, Ms. Gallagher and Ms Fierro performed, and the amount of time it took to do the work. Each of these tasks and the time it took was necessary to properly represent Plaintiffs.  We are seeking $81,154.12 in attorney's fees and costs expended by my firm in the administrative matter, as well as additional fees incurred in this case seeking payment of our fees.  To date, my firm has spent over 52  hours working on the administrative portion of this case alone.

13. To date, I have been working on this case for over two years including this matter before this court, and have received no payment for my fees. My costs included in my hourly fee, include administrative assistance in my office.  Beyond that, costs included are modest per-diem costs for hotel and food, with no payment for costs of gas costs and travel.

14. I am informed and believe that the prevailing hourly rate of other attorneys representing parents and students in special education matters is between $250.00 for attorneys with fewer than 3-years practice and a high of over

$ 575.00 for Due Process hearings, and $650.00 for Federal and State court civil litigation for attorneys with more than ten-years practice in this area of law.

I declare under penalty of perjury under the laws of the state of California that the forgoing is true and correct.

Executed October 22, 2018 in Santa Barbara, California.


Respectfully submitted,



_____
Andréa Marcus