UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-5914 PSG (PLAx) | Date | February 23, 2018 |
|---|---|---|---|
| Title | Sang Yong et al. v. Torrance Unified School District | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):**   Order GRANTING Plaintiffs' motion for summary judgment

Before the Court is a motion for summary judgment filed by Plaintiffs Sang Yong and Jemma Kim ("Plaintiffs"). *See* Dkt. # 33 ("*Mot.*"). Defendant Torrance Unified School District ("Defendant" or "District") opposes the motion, *see* Dkt. # 42 ("*Opp.*"), and Plaintiffs timely replied, *see* Dkt. # 47 ("*Reply*"). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the moving papers, the Court **GRANTS** Plaintiffs' motion.

I.   Background

Plaintiffs are the parents of M.K. ("Student"), who was, at the time of the administrative hearing with the California Office of Administrative Hearings ("OAH") that underlies this action, a 12-year-old boy eligible for special education under the category of autism. *Mot.* 1:9–11; *see also Statement of Undisputed Facts*, Dkt. # 39 ("*SUF*"), ¶¶ 2–3; *Declaration of Bruce Bothwell*, Dkt. # 35 ("*Bothwell Decl.*"), ¶ 10, Ex. C ("Administrative Record for OAH Case No. 2016120826") at 490 ("*OAH Decision*"). On December 15, 2016, Plaintiffs filed an administrative due process complaint on behalf of Student with the OAH, alleging violations of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 et seq. *SUF* ¶¶ 1–2; *OAH Decision* at 487, 528. Specifically, Student alleged that Defendant denied him a free appropriate public education ("FAPE") from December 15, 2014 to September 25, 2015 and, thereafter, at two individualized education program ("IEP") meetings held on September 25, 2015 and November 30, 2016. *SUF* ¶ 4; *OAH Decision* at 488.

Administrative Law Judge Elsa H. Jones ("the ALJ") heard the matter in February 2017. *SUF* ¶ 5; *OAH Decision* at 487. At that hearing, the ALJ set forth the issues as follows:

1. Did District deny Student a free appropriate public education from December 15, 2014, to September 25, 2015, by the following:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-5914 PSG (PLAx) | Date | February 23, 2018 |
|---|---|---|---|
| Title | Sang Yong et al. v. Torrance Unified School District | | |

        A.      Failing to offer appropriate goals in the areas of: (i) behavior; (ii) social interaction; and (iii) academics;

        B.      Materially failing to implement Student's behavior services; and

        C.      Failing to offer appropriate behavior support?

2.      Did District deny Student a FAPE on September 25, 2015, and thereafter by:

        A.      Materially failing to implement the academic services and all accommodations contained in Student's September 2014 individualized education program; and

        B.      Materially failing to implement the behavior services contained in Student's October 1, 2013 IEP?

3.      Did District deny Student a FAPE at the IEP team meeting on September 25, 2015 by failing to find him eligible for special education and related services?

4.      Did the November 30, 2016 IEP deprive Student of a FAPE by reason of the following:

        A.      Failing to offer appropriate goals in the areas of: (i) behavior; (ii) social interaction; and (iii) academics; and

        B.      Failing to offer appropriate behavior support?

*SUF* ¶ 6; *OAH Decision* at 488. On May 9, 2017, the ALJ ruled that Student prevailed on issues 1B, 2B, 3, and 4B, while Defendant prevailed on issues 1A, 1C, 2A, and 4A. *SUF* ¶¶ 7, 14; *OAH Decision* at 548. As a remedy for these violations, the ALJ ordered compensatory education in the form of "one hour per week of social skills services from a nonpublic agency . . . to proceed through the end of the 2016-2017 regular school year, and then to proceed from the beginning through the end of the 2017-2018 regular school year." *SUF* ¶ 12; *OAH Decision* at 547. The ALJ further ordered that "District will increase the social skills services offered in Student's November 30, 2016 IEP to one hour per week." *SUF* ¶ 13; *OAH Decision* at 547.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-5914 PSG (PLAx) | Date | February 23, 2018 |
|---|---|---|---|
| Title | Sang Yong et al. v. Torrance Unified School District | | |

As the prevailing parties in the underlying administrative proceeding, Plaintiffs are entitled to attorneys' fees—a fact that Defendant concedes. *SUF* ¶ 15; *see also Answer*, Dkt. # 19, ¶ 10. Plaintiffs claim reimbursable attorneys' fees and costs of $67,718.07 in the underlying OAH action and $29,618.10 in this action, for a total of $97,336.17. *Reply* 8:22–9:1.

Plaintiffs now move for summary judgment, arguing that "Defendant does not dispute that Plaintiffs were prevailing parties in the underlying administrative due process proceeding and . . . Plaintiffs are entitled to a fully compensatory award of attorneys' fees and costs." *Mot.* 2:16–19.

II. Legal Standard

"A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the nonmoving party will have the burden of proof at trial, the movant can prevail by pointing out that there is an absence of evidence to support the moving party's case. *See id.* If the moving party meets its initial burden, the nonmoving party must set forth, by affidavit or as otherwise provided in Rule 56, "specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In judging evidence at the summary judgment stage, the court does not make credibility determinations or weigh conflicting evidence. Rather, it draws all reasonable inferences in the light most favorable to the nonmoving party. *See T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630–31 (9th Cir. 1987). The evidence presented by the parties must be admissible. Fed. R. Civ. P. 56(e). Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *See Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).

III. Discussion

Under the IDEA, "the court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B). The Ninth Circuit has elaborated that, in general, "[a] prevailing party

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-5914 PSG (PLAx) | Date | February 23, 2018 |
|---|---|---|---|
| Title | Sang Yong et al. v. Torrance Unified School District | | |

should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust," and that "the district court's discretion to deny a fee award to a prevailing plaintiff has been interpreted very narrowly." *Abu-Sahyun v. Palo Alto Unified Sch. Dist.*, 843 F.2d 1250, 1252 (9th Cir. 1988) (internal quotation marks omitted). The Ninth Circuit has also "repeatedly held that time spent by counsel in establishing the right to a fee award is compensable" as well. *Davis v. City & Cty. of S.F.*, 976 F.2d 1536, 1544 (9th Cir. 1992); *see also Commissioner v. Jean*, 496 U.S. 154, 161–62 (1990) (examining cases in which courts have awarded compensation for fee-related activities and finding "no textual or logical argument for treating [] differently a party's preparation of a fee application and its ensuing efforts to support that same application").

"In order for a court to award attorney's fees, the parent must (1) be a 'prevailing party' and (2) seek 'reasonable attorneys' fees.'" *Aguirre v. Los Angeles Unified Sch. Dist.*, 461 F.3d 1114, 1117 (9th Cir. 2006). The Court will consider each of these requirements in turn.

    A.    <u>Prevailing Party</u>

"Under the Supreme Court's generous formulation of the term, plaintiffs may be considered prevailing parties for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Irvine Unified Sch. Dist. v. K.G.*, 853 F.3d 1087, 1092 (9th Cir. 2017) (quoting *Farrar v. Hobby*, 506 U.S. 103, 109 (1992)) (internal quotation marks omitted).

The Court agrees with Plaintiffs that "[t]he prevailing party standard is unequivocally met in this case." *Mot.* 3:20. Indeed, Defendant has conceded this fact. *Opp.* 7:15–16. "For the purpose of awarding attorneys' fees, a prevailing party is one that succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit." *Kletzelman v. Capistrano Unified Sch. Dist.*, 91 F.3d 68, 70 (9th Cir. 1996) (internal quotation marks omitted). Here, Plaintiffs prevailed on four issues in the underlying OAH hearing, which included the determination that Defendant terminated Student's special education eligibility and failed to provide agreed-upon behavioral services. *See SUF* ¶¶ 7–11. Because determination that a disabled student was denied a FAPE is "the most significant of successes possible under the Individuals with Disabilities Education Act," *Park ex rel. Park v. Anaheim Union High Sch. Dist.*, 464 F.3d 1025, 1036 (9th Cir. 2006), the Court agrees with Plaintiffs that they succeeded on a significant issue in litigation and are therefore entitled to prevailing party status.[1]

---

[1] That Plaintiffs "failed to prevail on all of their claims does not preclude a determination that they were the prevailing party" because "a prevailing party need not succeed on all issues, but only on *any* significant issue." *Park*, 464 F.3d at 1035 (quoting *Parents of Student W. v. Puyallup Sch. Dist., No. 3*, 31 F.3d 1489, 1498 (9th Cir. 1994)) (emphasis in original and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-5914 PSG (PLAx) | Date | February 23, 2018 |
|---|---|---|---|
| Title | Sang Yong et al. v. Torrance Unified School District | | |

    B.    <u>Reasonable Attorneys' Fees and Costs</u>

Rather than disputing whether Plaintiffs were the prevailing party in the underlying action, the parties instead disagree as to whether the claimed fees are reasonable. The Court must first consider the extent to which Plaintiffs are entitled to reimbursement before determining whether the proposed amount is reasonable.

    *i.*    *Extent of Reimbursement*

Attorneys' fees under the IDEA are governed by the standards set forth by the Supreme Court in *Hensley v. Eckerhart*, 461 U.S. 424 (1983), and its progeny. *See Aguirre*, 461 F.3d at 1121. There, the Supreme Court held that "[w]here a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation." *Hensley*, 461 U.S. at 453. "[E]ven if a specific claim fails, the time spent on that claim may be compensable, in full or in part, if it contributes to the success of other claims." *Cabrales v. County of L.A.*, 935 F.2d 1050, 1052 (9th Cir. 1991) (citing *Hensley*, 461 U.S. at 435).

To determine whether successful and unsuccessful claims are related, the Ninth Circuit has held that

> the district court should focus on whether the claims on which Plaintiff did not prevail "involve a common core of facts *or* are based on related legal theories." To the extent the claims are related, Plaintiff should recover reasonable fees for prosecuting those claims. However, a determination that certain claims are not related does not automatically bar an award of attorney's fees associated with those unrelated claims; work performed in pursuit of the unrelated claims may be inseparable from that performed in furtherance of the related or successful claims.

*Thomas v. City of Tacoma*, 410 F.3d 644, 649 (9th Cir. 2005) (quoting *Webb v. Sloan*, 330 F.3d 1158, 1168 (9th Cir. 2003)) (emphasis in original and citation omitted).

Defendant first argues that any award of attorneys' fees should be reduced because Plaintiffs did not prevail on separate and distinct issues. *See Opp.* 9:6–10:18. However, as Plaintiffs note, Defendant offers little more than "a bald assertion" that various claims are unrelated. *Reply* 2:7. For example, in its opposition, Defendant states that "[t]he issue as to whether the District materially failed to implement those behavior services (Issue 1.B) that were offered is quite separate from the issue as to whether the District offered appropriate goals and

---

internal quotation marks omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-5914 PSG (PLAx) | | Date | February 23, 2018 |
|---|---|---|---|---|
| Title | Sang Yong et al. v. Torrance Unified School District | | | |

behavior support (Issues 1.A and 1.C)." *Opp.* 9:22–26. No further elaboration or illumination is provided; Defendant merely asserts that various claims are unrelated without explanation or citation to the administrative record. In opposing an application for attorneys' fees, Defendant "has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d 1392, 1397–98 (9th Cir. 1992). By offering only conclusory assertions without accompanying evidence or analysis, Defendant has not satisfied this burden.

Plaintiffs, on the other hand, have utilized the administrative record to demonstrate the interrelatedness of their successful and unsuccessful claims. They note that "the ALJ recognized that 'Student's autism primarily manifested itself in the area of social skills.'" *Mot.* 9:20–21 (quoting *OAH Decision* at 489); *see also Mot.* 11:12–16 ("[A]ll of the alleged IDEA violations, whether or not Student ultimately prevailed upon them, arise from the same highly intertwined factual situation: Student's social and behavioral needs related to his autism, and the interactions between the Parties and their significance in the legal context of the IDEA."). These behavioral issues manifested themselves in various ways, including Student's habits of "not respecting his seatmates' space," "attempting to converse with them when they tried to listen to the teacher," and "call[ing] out in class." *OAH Decision* at 489. Student "fidgeted with pens and small objects while in class, sometimes mumbled to himself, and bounced or rocked in his seat." *Id*. Accordingly, the Court agrees with Plaintiffs' characterization that "the basic dispute between the parties involved the behavioral support Student required to address his social behavioral deficits," and that "all [] issues" other than issue 3 "before the ALJ involved, to some extent, Student's social and behavioral goals and services." *Mot.* 10:1–7 (citing *OAH Decision* at 488). Indeed, "every witness who testified was asked to comment to varying degrees, on Student's social and behavioral difficulties." *Mot.* 10:7–24 (citing *Bothwell Decl.* ¶ 10, Ex. D). Therefore, the Court agrees that Plaintiffs' underlying claims involve a "common core of facts," which is sufficient in this Circuit to demonstrate relatedness and entitle Plaintiffs to "an award of attorney's fees associated with those unrelated claims." *Thomas*, 410 F.3d at 649. Because Defendant has made no credible effort to rebut these suppositions, the Court concludes that a reduction in fees due to unsuccessful claims is not warranted.

Defendant next suggests that attorneys' fees should be reduced because the remedies awarded were "substantially less than the resolutions sought." *Opp.* 10:19–12:14. Although it is true that Plaintiffs received less than that which was proposed in their OAH complaint, Defendant has provided no statutory support for its assertion that this should result in a reduction of fees. The only citation provided is to *Aguirre*, *see Opp.* 12:11–14, but the Court sees nothing in the cited text to support Defendant's position. Indeed, that very text emphasizes that the relevant inquiry is whether IDEA plaintiffs attain money or "other tangible results—such as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-5914 PSG (PLAx) | Date | February 23, 2018 |
|---|---|---|---|
| Title | Sang Yong et al. v. Torrance Unified School District | | |

sparking a change in policy or establishing a finding of fact." *Aguirre*, 461 F.3d at 1120–21 (quoting *Wilcox v. City of Reno*, 42 F.3d 550, 555 (9th Cir. 1994)). The test is *not* whether Plaintiffs' initial prayer for relief was fully vindicated, but instead whether they obtained "substantial relief." *Hensley*, 461 U.S. at 440. Because, as discussed above, Plaintiffs obtained the requisite relief and so prevailed in the underlying action, the Court will not reduce their attorneys' fees simply because the ultimate relief diverged from that which they originally requested.

Next, Defendant argues that the fees should be reduced because of a "frivolous claim"—specifically, a claim that was included in Plaintiffs' administrative complaint that was withdrawn at the hearing. *Opp.* 12:15–13:5. In addition to failing to provide any authority for this proposition,[2] Defendant has not demonstrated through evidence or inference that the claim in question was in fact frivolous. The ALJ did not make that determination, and as Plaintiffs note, "it is quite common for special education attorneys to withdraw claims during the course of a hearing without penalty." *Reply* 7:21–25; *see also Orange Unified Sch. Dist. v. C.K.*, No. SACV 11–1253 JVS(MLGx), 2012 WL 2478389, at *12–13 (C.D. Cal. June 4, 2012) (declining to penalize plaintiffs despite the presence of withdrawn claims). Absent any evidence of frivolousness, or evidence that Defendant expended significant resources defending against this purportedly frivolous claim, the Court declines to reduce the attorneys' fee award on this basis.

Defendant next "disputes [the] amount of hours owed to the attorney as a matter of law because, among other reasons, the Complaint and the Motion are pro forma documents that obviously did not require significant work to modify the template to fit the facts of the matter." *Opp.* 13:6–14:5. The reasonableness of the fee award will be further discussed in Part III.B.ii below, but at any rate, the Court is unwilling to follow Defendant's lead and conclude that the hours are inflated based only on speculation and unsupported assertions.[3]

Finally, Defendant argues that "[a] material fact is in dispute as to whether any further fees are to be incurred," given that Plaintiffs "assert that they will incur $11,000 in attorney's fees in the future." *Opp.* 14:6–16. The Court agrees with Defendant on this point; the future

---

[2] Defendant cites only to *Aguirre*, in which the court merely noted that application of *Hensley* will "help deter parties (or their lawyers) from adding frivolous claims." *Aguirre*, 461 F.3d at 1120.

[3] One such assertion is that "the Motion does not cite to any case that is later than 2006, which is evidence that a template has been used without significant updating." *Opp.* 13:21–22. To this, Plaintiffs provide an effective rejoinder: "It should be no surprise that Plaintiffs have relied upon caselaw from, or which predates, 2006; the seminal cases in this area date from before or during that year. Plaintiffs are in effect being criticized for relying upon well established Supreme Court and Ninth Circuit precedent." *Reply* 8 n. 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-5914 PSG (PLAx) | Date | February 23, 2018 |
|---|---|---|---|
| Title | Sang Yong et al. v. Torrance Unified School District | | |

fees claimed by Plaintiffs were overly speculative. However, this issue is now moot, because Plaintiffs offer a revised billing statement "which represents time actually expended, and does not include" future fees. *Reply* 8:13–19; *see also Declaration of Bruce Bothwell*, Dkt. # 48 ("*Second Bothwell Decl.*"), ¶ 2, Ex. B.

  *ii.*  *Reasonable Award*

Having concluded that Plaintiffs' claims are related and that they are therefore entitled to full compensation, the Court will now assess the reasonableness of the claimed fees.

Under the IDEA, the calculation of a fee award must "be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(C). The Court has the power to reduce the amount of attorneys' fees, for instance, if the claimed hourly fee exceeds the prevailing rate or if the time spent or legal serves furnished were excessive. *See* 20 U.S.C. § 1415(i)(3)(F). The Ninth Circuit "requires a district court to calculate an award of attorneys' fees by first calculating the 'lodestar,'" which is "calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Caudle v. Bristow Optical Co., Inc.*, 224 F.3d 1014, 1028 (9th Cir. 2000).

  *a.*  *Hours Expended*

Plaintiffs claim that their counsel expended 160.30 hours on the underlying administrative action, *see Bothwell Decl.* ¶ 6, Ex. A, and 57.70 hours on this action. *See Second Bothwell Decl.* ¶ 2, Ex. B. The documentation provided by Plaintiffs breaks the claimed hours down into specific tasks and billing rates, as is required. *See Pacific W. Cable Co. v. City of Sacramento*, 693 F. Supp. 865, 870 (E.D. Cal. 1988) ("The cases do not indicate that every minute of an attorney's time must be documented; they do, however, require that there be adequate description of how the time was spent, whether it be on research or some other aspect of the litigation, and the Supreme Court has indicated that fee awards may be reduced for inadequate documentation of hours.").

Defendant's only objection to the hours claimed is its assertion that the "the Complaint and the Motion are pro forma documents that obviously did not require significant work." *Opp.* 13:6–14:5. However, as discussed above, Defendant has given no evidence to support this proposition, and so the Court cannot conclude based solely on this unsubstantiated claim that the number of hours spent on the complaint and motion were unreasonable.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-5914 PSG (PLAx) | Date | February 23, 2018 |
|---|---|---|---|
| Title | Sang Yong et al. v. Torrance Unified School District | | |

Although Defendant lodges no other objections to the hours billed, the Court has an independent obligation to ensure that the fees awarded are reasonable. *See Los Angeles Unified Sch. Dist. v. C.M.*, No. CV 08-00424 MMM (JCx), 2009 WL 10672592, at *10 (C.D. Cal. Sept. 16, 2009). The Court has reviewed the time entries and concludes that the hours claimed are reasonable. The Court sees no indication that any hours are "excessive, redundant, or otherwise unnecessary," *Hensley*, 461 U.S. at 434, and there is no indication that any improper reimbursements have been claimed. *See, e.g.*, *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000) (noting that requests that are not based on contemporaneous records, are poorly documented, or are excessive "provide the district court with a reason to reduce the fee"); *C.M.*, 2009 WL 10672592, at *10 (reducing award based on claims for "clerical tasks like preparing courtesy copies and e-filing"). Accordingly, the Court concludes that the total number of hours claimed—160.30 for the underlying action and 57.70 for this action, for a total of 218.00—is reasonable.

          *b.*       *Hourly Rate*

"Under the IDEA, a 'reasonable hourly rate' is determined by 'rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished.'" *C.M.*, 2009 WL 10672592, at *2 (quoting 20 U.S.C. § 1415(i)(3)(C)).

Plaintiffs' counsel, a solo practitioner, bills at a rate of $400 per hour for activities prior to the commencement of a due process hearing and a rate of $450 per hour thereafter, with an additional rate of $500 per hour for actions filed in district court. *See Bothwell Decl.* ¶ 7. To begin, Defendant does not object to these hourly rates, and Plaintiffs have provided declarations from other lawyers in Plaintiffs' counsel's field who have attested to the reasonableness of both his fee structure and his hourly rates. *See Declaration of Marcy J.K. Tiffany*, Dkt. # 36, ¶¶ 6–11; *Declaration of Tania L. Whiteleather*, Dkt. # 37, 2:26–3:21; *Declaration of Maureen Graves*, Dkt. # 38, ¶¶ 8–10.

The Court also looks to the *2016 Real Rate Report: Lawyer Rates, Trends, and Analysis* ("Real Rate Report") as a useful guidepost to assess the reasonableness of hourly rates in the Central District. *See Eksouzian v. Albanese*, No. CV 13-728 PSG (AJWx), 2015 WL 12765585, at *4–5 (C.D. Cal. Oct. 23, 2015). The Real Rate Report identifies attorney rates by location, experience, firm size, areas of expertise and industry, as well as specific practice areas and is based on actual legal billing, matter information, and paid and processed invoices from more than 80 companies. *See Hicks v. Toys 'R' Us-Del., Inc.*, No. CV 13-1302 DSF JCG, 2014 WL 4670896, at *1 (C.D. Cal. Sept. 2, 2014). Courts have found that the Real Rate Report is "a much better reflection of true market rates than self-reported rates in all practice areas." *Id.*; *see also Tallman v. CPS Sec. (USA), Inc.*, 23 F. Supp. 3d 1249, 1258 (D. Nev. 2014) (considering

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-5914 PSG (PLAx) | Date | February 23, 2018 |
|---|---|---|---|
| Title | Sang Yong et al. v. Torrance Unified School District | | |

the Real Rate Report); *G.B. ex rel. N.B. v. Tuxedo Union Free Sch. Dist.*, 894 F. Supp. 2d 415, 433 (S.D.N.Y. 2012) (same).  The 2016 Real Rate Report offers a number of relevant data points for fees in the Central District.  In Los Angeles, partners have an hourly rate ranging from $400 to $847.  *See Real Rate Report* at 54.  Plaintiffs' counsel's rates are therefore within the acceptable range set out by the Real Rate Report.

Because the Court concludes that Plaintiffs' counsel's rates are reasonable, it will use them in calculating the lodestar.

### c.     *Lodestar Calculation*

Plaintiffs' counsel billed 54.50 hours at the rate of $400 per hour, 105.80 hours at the rate of $450 per hour, and 57.70 hours at the rate of $500 per hour.  *See Bothwell Decl.* ¶ 6, Ex. A; *Second Bothwell Decl.* ¶ 2, Ex. B.  Accordingly, the Court calculates the lodestar as $98,260.00.  Subtracting $2,000.00 for Plaintiffs' counsel's attendance at the November 30, 2016 IEP meeting, which he concedes is not reimbursable by law, *see Bothwell Decl.* ¶ 6, the Court concludes that $96,260.00 adequately compensates Plaintiffs' counsel.

### d.     *Costs*

Plaintiffs also seek costs in the amount of $1,076.17.  *See Bothwell Decl.* ¶ 6, Ex. A; *Second Bothwell Decl.* ¶ 2, Ex. B.  Defendant has not challenged these costs, and the Court finds them reasonable.

IV.   Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiffs' motion for summary judgment and hereby **AWARDS** Plaintiffs attorneys' fees and costs in the amount of **$97,336.17**.

**IT IS SO ORDERED.**