EXHIBIT O - Case 1:18-cv-00303-LJO-JLT

# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| JAY F. *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>WILLIAM S. HART UNION HIGH SCHOOL DISTRICT,<br><br>　　　　　Defendant. | CV 16-05117 TJH (GJSx)<br><br>Consolidated Case Nos.:<br>CV 16-05226 TJH (GJSx)<br>CV 17-00479 TJH (GJSx)<br><br>Order |

　　　The Court has considered Plaintiffs' motion for attorneys' fees and costs, together with the moving and opposing papers.

　　　Plaintiffs are the parents of A.F., a minor. A.F. attended school in the William S. Hart Union High School District ["the District"]. Plaintiffs, represented by Public Counsel, brought two cases against the District on A.R.'s behalf before the Office of Administrative Hearings ["OAH"] – *Parents on Behalf of Student v. William S. Hart Union High School District,* OAH Case No. 2016020807 ["Expedited Case"] and *Parents on Behalf of Student v. William S. Hart Union High School District*, OAH Case No. 2016020807 ["Non-Expedited Case"].

　　　The Expedited Case addressed whether the District unlawfully disciplined A.F.

because of his disability, in violation of the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, *et seq*. ["IDEA"]. The Non-Expedited Case addressed whether the District failed to provide a free appropriate public education to A.F., in violation of the IDEA.

On April 18, 2016, after an evidentiary hearing, the OAH issued a decision in the Expedited Case ["Expedited Decision"], finding for the District on four of five issues, and for Plaintiffs on the remaining issue. On August 12, 2016, the District sent Plaintiffs a written settlement offer regarding the Non-Expedited Case, offering to fund: (1) An independent psycho-educational assessment, up to $5,000.00; (2) Twenty hours of compensatory individual counseling; and (3) A.F.'s attendance at a UCLA program. The offer was rejected. On October 24, 2016, after an evidentiary hearing, the OAH issued its decision in the Non-Expedited Case ["Non-Expedited Decision"], finding for the District on seventeen out of nineteen issues, and for Plaintiffs on the remaining two issues. Neither decision addressed Section 504 of the Rehabilitation Act claim.

Both parties sought relief from this Court from the OAH's rulings. On August 2, 2017, after a trial, this Court issued its Findings of Fact and Conclusions of Law reversing in part and affirming in part. The Court ordered, *inter alia*, the District to amend A.F.'s disciplinary record to reflect that certain behaviors were manifestations of A.F.'s disability and to reverse A.F.'s expulsion; an independent evaluation by a professional of Plaintiffs' choosing, costing up to $5,500; and comprehensive dialectical behavioral therapy for the 2017-2018 school year. Plaintiffs, now, move for attorneys' fees and costs.

Under the IDEA, the Court may award reasonable attorneys' fees to the prevailing party. 20 U.S.C. § 1415(i)(3)(B). The District argues that Public Counsel, Plaintiffs' attorneys of record, lacks standing to request fees because it is not A.F.'s parent and it failed to provide any evidence that Plaintiffs are moving for attorneys' fees. However, this argument lacks merit, as the Notice of Motion and Motion explicitly state that Plaintiffs are the movants.

The prevailing party in an IDEA case is the party who "succeed[s] on any significant issue in litigation which achieves some of the benefit the [party] sought in bringing the suit." *Weissburg v. Lancaster School Dist.*, 591 F.3d 1255, 1258 (9th Cir. 2010). A party succeeds on an issue if the legal relationship between the parties is materially altered. *Weissburg*, 591 F.3d at 1258. Notably, a party need not win on every claim or issue to be the prevailing party. *Aguirre v. L.A. Unified School Dist.*, 461 F.3d 1114, 1121 (9th Cir. 2006).

Here, in the Expedited Case, Plaintiffs succeeded in getting (1) some of A.F.'s actions reclassified as manifestations of A.F.'s disability and (2) A.F.'s disciplinary record expunged. Where a school district is forced to recognize a student's disability, the legal relationship between the parties is altered. *See Weissburg*, 591 F.3d at 1258. Accordingly, Plaintiffs prevailed in the Expedited Case.

In the Non-Expedited Case, this Court held that the District failed to properly assess A.F. in all areas of suspected disability, thereby denying A.F. a free appropriate public education and denying Plaintiffs the opportunity to meaningfully participate in A.F.'s Individualized Education Plan ["IEP"]. Accordingly, this Court ordered the District to develop a proper IEP. This remedy materially altered the legal relationship between the parties because it forced the District to properly accommodate A.F.'s disability. *See Weissburg*, 591 F.3d at 1258. Although the District prevailed on numerically more issues than did Plaintiffs in the Non-Expedited Case, Plaintiffs are, nevertheless, the prevailing party in the Non-Expedited Case because they succeeded in achieving at least some of the benefits they sought in bringing the case. *See Weissburg*, 591 F.3d at 1258.

The IDEA bars an award of fees incurred after a settlement offer if the offer was declined and the relief awarded after trial was less favorable than the offer of settlement. 20 U.S.C. § 1415(3)(D). Plaintiffs, here, rejected the District's settlement offer. Because the District raised the § 1415(3)(D) bar, it has the burden to establish that the relief Plaintiffs were awarded by the Court was less favorable than the

settlement offer. Based on the record, it is not clear whether the relief the Court awarded Plaintiffs was less favorable – either quantitatively or qualitatively – than the settlement offer. Neither party explained whether, or how, a year of comprehensive dialectical behavioral therapy, as awarded by the Court, is different from the District's settlement offer of twenty hours of compensatory individual counseling and attendance at the UCLA PEERS Program. However, the burden was on the District. Thus, the District failed to meet its burden to establish that § 1415(3)(D) bars fees incurred after its settlement offer.

In calculating reasonable attorneys' fees, the Court's starting point is the product of the number of hours the prevailing party reasonably expended and the reasonable hourly rate. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). Under the IDEA, fees are awarded based on the prevailing rates in the community for the kind and quality of services furnished. 20 U.S.C. § 1415(i)(3)(C). Generally, the relevant legal community is the forum in which the District Court sits. *Chaudhry v. City of L.A.*, 751 F.3d 1096, 1110 (9th Cir. 2014). Plaintiffs filed their complaint in the Western Division of the Central District of California. Accordingly, Plaintiffs have the burden of proving that their requested rates are in line with the prevailing market rates in the Western Division for similar services by lawyers of reasonably comparable skills, experience, and reputation. *See Chaudhry*, 751 F.3d at 1110.

Plaintiffs seek the following hourly rates for their attorneys: (1) $640.00 for Ben Conway, who has eleven years of experience; (2) $490.00 for Christy Ferioli, who has five years of experience; (3) $450.00 for Eliza Finley, who has three years of experience; and (4) $400.00 for Leah Gasser Ordaz, who has two years of experience.

Based on the evidence presented by the parties, the number of years of experience each attorney has, and the Court's knowledge of the prevailing hourly rates in the Western Division, the Court finds that the reasonable hourly rates for Plaintiffs' attorneys are: (1) $500.00 for Ben Conway; (2) $400.00 for Christy Ferioli; (3) $300.00 for Eliza Finley; and (4) $250.00 for Leah Gasser Ordaz. The District

1  objected to the requested hourly rates because, *inter alia*, they are higher than the rates
2  the District paid to its outside counsel handling this case. However, the rates private
3  attorneys charge governmental clients are not an appropriate benchmark because they
4  often charge lower rates to their government clients to obtain repeat business. *Trevino*
5  *v. Gates*, 99 F.3d 911, 925 (9th Cir. 1996).

The Court, further, finds that the number of hours requested by Plaintiffs, as set forth in the moving papers and the supplemental fee grid, are reasonable. *See Hensley*. *Eckerhart*, 461 U.S. 424, 434 (1983).

Accordingly, the Court finds that Plaintiffs incurred reasonable attorneys' fees of $195,405.00.

Accordingly,

𝕴𝖙 𝖎𝖘 𝕺𝖗𝖉𝖊𝖗𝖊𝖉 that Plaintiffs' motion for attorneys' fees and costs be, and hereby is, 𝕲𝖗𝖆𝖓𝖙𝖊𝖉.

𝕴𝖙 𝖎𝖘 𝖋𝖚𝖗𝖙𝖍𝖊𝖗 𝕺𝖗𝖉𝖊𝖗𝖊𝖉 that the District shall pay to Plaintiffs reasonable attorneys' fees of $195,405.00.00.

𝕴𝖙 𝖎𝖘 𝖋𝖚𝖗𝖙𝖍𝖊𝖗 𝕺𝖗𝖉𝖊𝖗𝖊𝖉 that Plaintiffs shall submit a Bill of Costs to the Clerk of Court for approval.

Date: January 24, 2018

_____
𝕿𝖊𝖗𝖗𝖞 𝕵. 𝕳𝖆𝖙𝖙𝖊𝖗, 𝕵𝖗.
𝕾𝖊𝖓𝖎𝖔𝖗 𝖀𝖓𝖎𝖙𝖊𝖉 𝕾𝖙𝖆𝖙𝖊𝖘 𝕯𝖎𝖘𝖙𝖗𝖎𝖈𝖙 𝕵𝖚𝖉𝖌𝖊

CC: FISCAL