I, Sahar Durali, do declare as follows

1. I have practiced law since 2013. I practice poverty law, specifically in the areas of Education, Housing, and Employment law. I am in good standing and admitted to practice before all the California State Courts and the Eastern District Federal Court.

2. I currently hold the position of Directing Attorney with California Rural Legal Assistance, Inc. ("CRLA"). CRLA is a 501(c)(3) non-profit, legal aid organization that serves the rural poor across 19 offices in California. CRLA's priority areas are employment, housing, education, rural health, and leadership development.

3. My office is based in Delano, California in Kern County. I have worked at CRLA since April of 2014. I have managed CRLA Delano's office since November of 2015.

4. Special Education Law is a complex area of law which requires a wide range of legal ability and specialized knowledge regarding a vast array of disabilities, in addition to funds for and relationships with highly specialized experts. Special Education cases also often require an enormous time commitment, and can take years to come to resolution.

5. At CRLA we manage direct services, litigation, community lawyering, and other forms of advocacy across several areas of law for over 40,000 clients each year. Given the intense time commitment, specialization, and financial investment in experts required by special education cases, CRLA does not routinely represent students in these matters. On rare occasions, our offices take these cases when we are representing a student in an ancillary education matter. In these limited instances, we try to find a private attorney to co-counsel with given our lack of specialization. Additionally, as a federally funded legal service agency we are required to attempt to refer fee-generating cases to the private bar prior to under-taking representation.

6. My office in Delano has a practice of referring all special education intakes to private

1

attorneys. While my office does have a robust education practice, the focus of our education work is school discipline, civil rights, bullying, and issues relating to English Learners and Migrant Education. We do not have the local expertise nor the capacity to represent students in special education cases.

7. For example, in the past two years we have only taken two special education cases. Both of these cases were on behalf of students whom we already represented in civil rights cases. For both of these cases, we co-counseled with private attorneys who specialize in special education. These private special education attorneys took the lead on our clients' special education matters.

8. The private bar in Kern County does not take special education cases. Our office has created a private attorney referral list for attorneys who have expressed willingness to take special education cases out of Kern. None of these attorneys are locally based and come from as far away as Sacramento and Orange County. Some of these attorneys are not willing to take these cases on a contingency fee basis and charge hourly rates. Paying at an hourly rate for representation is impossible for our low-income clients.

9. We provide clients who call our office regarding special education matters with our referral list. We often hear that they are unable to timely get an appointment. I have personal knowledge of the fact that many special education attorneys, who are willing to represent families on a contingency basis, have waiting lists for representation at this time. Many of the attorneys on our referral list are often at capacity and unable to represent students in our service area.

10. There is an enormous need for private attorneys to do special education work in Kern County. Students in special education in Kern County have far fewer resources, including access to appropriate social services and therapies, than their counterparts in

2

more urban centers such as Los Angeles and San Francisco. We hear anecdotally through our clients, school personnel including special education teachers and aides, and the communities we serve about the extremely poor, and indeed legally noncompliant, quality of education provided to special education students throughout Kern County. These abuses often go unaddressed as a result of the lack of legal counsel available to represent students.

11. I co-counseled with Andrea Marcus on a special education case out of Kern County from 2015 through 2016. My office was already representing our client in a civil rights disability discrimination case. We learned early on in the case that our client also had special education claims but did not have the expertise to provide him with representation in the matter. After spending several months trying to find representation for our client, Ms. Marcus agreed to co-counsel with us. She performed the vast majority of tasks on our client's special education case and helped us achieve a successful resolution for the client. Without her, our client would have never received critical educational remediation. I have personal knowledge that Ms. Marcus was awarded fees in this case at her normal hourly rate.

12. Given the lack of local attorneys to provide services to our rural clients, we rely on the willingness of attorneys, like Ms. Marcus, to work outside of the geographic areas that they practice in. Based on my experience co-counseling with Ms. Marcus and others, there are significant additional burdens and risks that these attorneys take on by agreeing to represent our clients and others in rural areas. The travel and logistical burdens of covering hearings, meeting with long-distance clients, and interviewing witnesses are significant. If these attorneys are expected to then take a fee that is lower than their local rate it would make it far more difficult for me to find attorneys willing to accept

these referrals. This would be a devastating loss to my already underserved clients.

13. I am informed and believe that the prevailing hourly rate of other attorneys representing parents and students in special education matters is between $250.00 for attorneys with fewer than 3-years practice and a high of over $ 575.00 for Due Process hearings, and $650.00 for Federal and State court civil litigation for attorneys with more than ten-years practice in this area of law.

I declare under penalty of perjury under the laws of the state of California that the forgoing is true and correct.

Executed February 9, 2017 in Delano, California.

Respectfully submitted,

_____

Sahar Durali
California Rural Legal Assistance, Inc.
Delano, California

4