UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEHACHAPI UNIFIED SCHOOL DISTRICT,<br><br>Plaintiff,<br><br>v.<br><br>K.M., a minor, by and through her parents and guardians ad litem, Dean Markham and Brenda Markham,<br><br>Defendants. | No. 1:16-cv-01942-DAD-JLT<br><br>ORDER GRANTING IN PART DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS<br><br>(Doc. No. 42) |

Dean Markham and Brenda Markham, guardians *ad litem* for minor defendant K.M. (collectively, the "defendants"), have moved for an award of attorneys' fees and costs for: (1) prevailing in an administrative due process hearing against plaintiff Tehachapi Unified School District (the "district"); and (2) defending against the district's appeal of that decision in this court. (Doc. No. 42.) A hearing on the motion was held on December 4, 2018. Attorney Kyle Holmes appeared telephonically on behalf of the district, and attorney Andrea Marcus appeared telephonically on behalf of defendants. The court has considered the parties' briefs and oral arguments, and for the reasons set forth below, will grant defendants' motion in part.

/////

/////

1

**BACKGROUND**

In its prior order affirming the administrative law judge's ("ALJ") decision, this court described at length the circumstances giving rise to the underlying administrative hearing. (*See* Doc. No. 40 at 4–10.) The court need not repeat all of those facts here, but will briefly summarize those that are relevant to the pending motion for attorneys' fees.

At the time of the administrative hearing, K.M. was a nine-year old girl eligible for special education under the categories of autism and speech or language impairment. (Doc. No. 1 at 8.) Defendants filed a due process complaint in August 2016, alleging that the district denied K.M. a free appropriate public education ("FAPE") in K.M.'s individualized education program ("IEP") as required by the Individuals with Disabilities Education Act ("IDEA"). (*Id.*)

On December 1, 2016, the ALJ found that the district substantively deprived K.M.'s guardians of the opportunity to participate in the IEP meetings and therefore denied K.M. a FAPE. (*Id.* at 28.) The ALJ ordered the district to fully reimburse K.M.'s costs for her having to attend a 2016 summer program at a non-public agency that provides language development services because of the district's deficiencies with regard to her FAPE. (*Id.* at 29.)

On December 29, 2016, the district appealed the ALJ's decision to this court pursuant to 20 U.S.C. § 1415(i)(2). (*See* Doc. No. 1.) On September 28, 2018, the court affirmed the ALJ's decision and held that defendants, as the prevailing party, would be allowed to file a separate motion requesting an award of attorneys' fees and costs. (*See* Doc. No. 40.)

On October 22, 2018, defendants filed the pending motion for attorneys' fees and costs. (*See* Doc. No. 42.) Therein, defendants request the following. First, they seek fees and costs totaling $44,632.06 for services provided by attorneys Andrea Marcus and Kelly Kaeser in connection with the underlying administrative hearing. (*See* Doc. No. 42-17.) Second, they seek fees and costs totaling $32,090.00 for services provided by attorneys Andrea Marcus, Lyndsey Gallagher, and Monique Fierro in defending the ALJ's decision before this court on appeal (*see*

/////
/////
/////

2

Doc. No. 42-18).[1] Defendants collectively seek a total award of $76,722.06 in attorneys' fees and costs.

On November 6, 2018, the district filed an opposition to the pending motion, seeking a reduction in the hourly attorney fee rates proposed by defense counsel. (Doc. No. 43.) On November 26, 2018, defendants filed a reply. (Doc. No. 45.)

**LEGAL STANDARD**

"In any action or proceeding brought under [the IDEA], the court, in its discretion, may award reasonable attorneys' fees as part of the costs to [] . . . a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(i)(I); *Aguirre v. L.A. Unified Sch. Dist.*, 461 F.3d 1114, 1117 (9th Cir. 2006). An award of attorneys' fees pursuant to the IDEA is "governed by standards set forth by the Supreme Court" in *Hensley v. Eckerhart*, 461 U.S. 424 (1983). *Aguirre*, 461 F.3d at 1121. "The initial determination of reasonable attorney's fees is calculated by multiplying the number of hours reasonably expended on litigation by a reasonable hourly rate," commonly referred to as the "lodestar" method. *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986), *opinion amended on denial of reh'g,* 808 F.2d 1373 (9th Cir. 1987) (citing *Hensley*, 461 U.S. at 429). "The Supreme Court has stated that the lodestar is the 'guiding light' of its fee-shifting jurisprudence, a standard that is the fundamental starting point in determining a reasonable attorney's fee." *Van Skike v. Dir., Office of Workers' Comp. Programs*, 557 F.3d 1041, 1048 (9th Cir. 2009) (quoting *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)); *see also Rouse v. Law Offices of Rory Clark*, 603 F.3d 699, 704 (9th Cir. 2010), *abrogated on other grounds by Marx v. General Revenue Corp.*, 568 U.S. 371 (2013). Accordingly, a district court is required "to calculate an award of attorneys' fees by first

---

[1] The billings for the attorney time devoted to the administrative hearing includes entries for attorneys Marcus and Kaeser, but the last page indicates that attorney Gallagher also worked on the matter for 16.70 hours. (*See* Doc. No. 42-17; *id.* at 4.) At the December 4, 2018 hearing, attorney Marcus informed the court that this was a clerical error: attorney Gallagher did not bill for work performed in connection with the administrative hearing, and the 16.70 hours attributed to her, when added to the 0.7 hours attributed to attorney Kaeser, total the 17.4 hours attributed to attorney Kaeser appearing in the entries on this bill. Since the bill applied a rate of $300.00 for both attorneys Kaeser and Gallagher, this clerical error does not affect the total fee amount being requested by defendants' counsel.

3

calculating the 'lodestar' before departing from it." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 982 (9th Cir. 2008) (quoting *Caudle v. Bristow Optical Co.*, 224 F.3d 1014, 1028 (9th Cir. 2000)).

Applying these standards, "a district court should exclude from the lodestar amount hours that are not reasonably expended because they are 'excessive, redundant, or otherwise unnecessary.'" *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (quoting *Hensley*, 461 U.S. at 434); *see also Tahara v. Matson Terminals, Inc.*, 511 F.3d 950, 955 (9th Cir. 2007). The court may reduce the amount of attorneys' fees if, among other reasons, it finds that "the amount of the attorneys' fees otherwise authorized to be awarded unreasonably exceeds the hourly rate prevailing in the community for similar services by attorneys of reasonably comparable skill, reputation, and experience." 20 U.S.C. § 1415(i)(3)(F)(ii).

The lodestar figure is presumptively reasonable. *Dague*, 505 U.S. at 562 ("We have established a 'strong presumption' that the lodestar represents the 'reasonable' fee."); *Rouse*, 603 F.3d at 704; *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009). Accordingly, "[a]djustments to the lodestar amount are allowed only if circumstances warrant . . . and are reserved for rare or exceptional cases." *Rouse*, 603 F.3d at 704 (internal quotation marks and citations omitted). In light of these governing standards, any adjustments to the lodestar must be carefully tailored, drawing from a finite pool of factors relevant to the reasonableness determination and only to the extent a factor has not already been subsumed within the lodestar calculation. *See Camacho*, 523 F.3d at 982 (citing the factors set out in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975)). Those factors include the preclusion of other employment by the attorney due to acceptance of the case, time limitations imposed by the client or the circumstances, the amount involved and the results obtained, the "undesirability" of the case, the nature and length of the professional relationship with the client, and awards in similar cases. *Rouse*, 603 F.3d at 705; *see also Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006).

"[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley*, 461 U.S. at 437; *see*

4

*also Carson v. Billings Police Dep't*, 470 F.3d 889, 891 (9th Cir. 2006). "The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the . . . facts asserted by the prevailing party in its submitted affidavits." *Camacho*, 523 F.3d at 982 (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1397–98 (9th Cir. 1992)); *see also Ruff v. County of Kings*, 700 F. Supp. 2d 1225, 1228 (E.D. Cal. 2010).

With this guidance in mind, the court turns to the defendants' motion.

## ANALYSIS

**A.  K.M. is the Prevailing Party.**

Under the IDEA, "[a] prevailing party for the purpose of awarding attorney's fees is a party which 'succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit.'" *Parents of Student W. v. Puyallup Sch. Dist., No. 3*, 31 F.3d 1489, 1498 (9th Cir. 1994) (quoting *Hensley,* 461 U.S. at 433).

The ALJ's order states that K.M. "prevailed as to the sole issue" in the administrative hearing (Doc. No. 1 at 30) and the district agrees that "[i]t is uncontested that [K.M.] was the prevailing party on the single issue before the Office of Administrative Hearings [] and is entitled to an award of reasonable attorney's fees" (Doc. No. 43 at 6). The court therefore finds that K.M. is the prevailing party as contemplated by the IDEA.

**B.  The Requested Rates Will be Reduced; the Hours Billed are Reasonable; and the Costs Defense Counsel Seek Reimbursement for are Reasonable.**

Defendants contend that the requested hourly rates are reasonable given the specialized nature of IDEA litigation, the lack of attorneys who possess the requisite skill and experience to represent students with disabilities, and the prevailing market rates in the Central District of California. (Doc. No. 42 at 12–13.) The district counters by contending that this court should decline to award defense counsel the full amount of fees sought because the requested hourly rates are not reasonable in light of other fee awards involving similar claims and experience levels of attorneys and the factors outlined by the Ninth Circuit in *Kerr*. (Doc. No. 43 at 10–12.)

/////

5

1.  Central District of California Hourly Rates Are Applicable.

Under the IDEA, attorneys' fees are "based on the rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(C); *see also Camacho*, 523 F.3d at 979 (citing *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997)) ("Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits."). In determining a reasonable rate, "the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Chalmers*, 796 F.2d 1210–11. However, the court may appropriately apply "rates from outside the forum if local counsel was unavailable, either because they are unwilling or unable to perform because they lack the degree of experience, expertise, or specialization required to handle properly the case." *Barjon*, 132 F.3d at 500 (citation and internal quotation marks omitted). Indeed, in another case involving the same school district and the same attorneys, one magistrate judge in this district has permitted the use of hourly rates from the Central District of California due to the unavailability of "private attorneys who focus on representing disabled school children who reside in Tehachapi and Kern County." *See Wright v. Tehachapi Unified Sch. Dist.*, No. 1:16-cv-01214-JLT, 2017 WL 3334015, at *4–5 (E.D. Cal. Aug. 4, 2017) (internal quotations omitted), *aff'd*, ___ Fed. App'x ___, ___, 2018 WL 6068599 (9th Cir. Nov. 20, 2018). Defendants contend that this court should do likewise here. (Doc. Nos. 42 at 13–14; 45 at 2–3.)

Defendants have filed several declarations establishing the scarcity of special education lawyers with IDEA litigation experience in general and in the Tehachapi area in particular. Attorney Jose Padilla, who was admitted to the State Bar of California in 1979 and is the Executive Director of California Rural Legal Assistance, Inc. ("CRLA"), states in his declaration that CRLA,

> because of the unavailability of local attorneys, [] search[es] statewide for attorneys with the expertise and desire to serve [its] rural clients. Many of these attorneys, like Ms. Andrea Marcus, do not charge [CRLA's] indigent clients hourly fees and instead rely on attorneys' fees being awarded in their cases.

(Doc. No. 21-12 at 3.)

6

Attorney Daniel Shaw, who was admitted to the State Bar of California in 2011 and practices special education law, notes:

> Special education law is a niche area of the law which requires a wide range of legal ability and specialized knowledge. A special education case which generally begins at [the] administrative level can go all the way [up to] the United States Supreme Court. Thus, special education practitioners practice law in a variety of different setting[s,] each with different procedures and rules. There is a very small number of attorneys throughout the State of California that practice in this unique area of the law. Special education law requires not just extensive knowledge of complicated state and federal laws, but also the knowledge and training in various developmental disabilities, mental health conditions, psychological testing, forensic analysis of evaluations, speech and language, behavior analysis, occupational therapy, physical therapy, cognitive behavioral therapy, and many other areas.

(Doc. No. 42-9 at 1, 3.)

Finally, attorney David Grey, who has been practicing law since 1986 and whose practice "is limited to protecting the civil rights of disabled children and young adults relating to their education," explains in his declaration that IDEA "cases are very complex and there are not enough competent attorneys available to serve the needs of disabled school children who need representation" and that "[t]his problem is even more severe in the rural areas of Kern County and Tehachapi[] [because] [t]here are no private attorneys who focus on representing disabled school children who reside in these areas." (Doc. No. 42-10 at 2–3.) Attorney Grey also declares that he has "personally spoken to other families from the rural areas of Kern County, including Tehachapi, who despair that they could not find local counsel with experience in this area." (*Id.* at 4.)

The court is satisfied that attorneys Shaw and Grey have substantial experience, both generally as litigators and specifically as specialists in the areas of special education and children's civil rights law. The court is further satisfied that attorney Padilla has substantial experience with the availability of local counsel in rural areas of California, including Tehachapi. Therefore, based on the declarations of these attorneys, the court finds that defendants have met their burden of demonstrating a scarcity of special education lawyers in the Eastern District of California. As in *Wright*, the court will therefore rely upon the prevailing hourly rates in the

Central District of California in calculating the lodestar here.

## 2. Hourly Rates to be Applied[2]

Attorney Marcus seeks two different hourly rates for the work she performed in this matter. For work performed before January 2018, she requests an hourly rate of $475.00 (*see* Doc. Nos. 42-17; 42-18), and for work from January 2018 until the present, she requests an hourly rate of $500.00 (*see* Doc. No. 42-18). Attorney Marcus has practiced law since 1997, exclusively practicing in the areas of special education and children's civil rights law since 2000. (Doc. No. 42-1 at 2.)

Attorney Kaeser requests an hourly rate of $300.00. (Doc. Nos. 42 at 13; 42-17.) He has "nearly 13 years of legal experience," (Doc. No. 42 at 13), but defendants have not provided the court with any information as to how long attorney Kaeser has practiced special education law. However, in *Wright*, the court found that attorney Kaeser then had "nearly two" years of experience in that practice area. 2017 WL 3334015 at *6. For the purposes of this motion, the court will assume that attorney Kaeser now has at least three years of special education law experience, given that the decision in *Wright* was issued almost seventeen months ago.

Attorney Gallagher requests an hourly rate of $275.00. (Doc. Nos. 42 at 12–13; 42-18.) She has practiced law since 2011 and has worked in special education law since 2015. (Doc. No. 42-7 at 1.)

Attorney Fierro requests an hourly rate of $250.00. (Doc. Nos. 42 at 12; 42-17; 42-18.) She has practiced law for "nearly two years," (Doc. No. 42 at 12), but again defendants have not provided the court with any information as to how long attorney Fierro has practiced special education law.

The district contends that the requested rates are too high and that this court should award defense counsel the same hourly rates that Magistrate Judge Thurston did in *Wright*: $425.00 for attorney Marcus; $275.00 for attorney Kaeser; and $175.00 for attorneys Gallagher and Fierro.

---

[2] The rates requested by counsel here are similar to those counsel sought in *Wright*. In that case, attorney Marcus requested an hourly rate of $475.00, attorney Kaeser requested an hourly rate of $300.00, and attorneys Gallagher and Fierro requested hourly rates of $250.00. 2017 WL 3334015 at *5.

8

(Doc. No. 43 at 10, 13.)

In support of their requested fees and in attempting to establish that the requested rates are reasonable, defendants have filed declarations from attorneys who represent children with special education needs. However, the court finds that for the most part these declarations are not particularly helpful in ascertaining the prevailing market rates in the Central District of California for attorneys with comparable skill and experience to that of defendants' attorneys.[3]

Defendants also point the court to cases where district courts applying Central District of California market rates have awarded attorneys' fees based on rates comparable to those requested by counsel here. Below, the court will consider those cases in turn.

In *Torrance Unified School District v. Magee*, the court found hourly rates of $575.00 and $495.00 to be reasonable for attorneys practicing special education law, but did not identify the degree of skill or experience of the attorneys who were awarded these rates. Case No. cv-07-2164-CAS (RZX), 2008 WL 4906088, at *8 (C.D. Cal. Nov. 10, 2008). In *Jay F. v. William S. Hart High School District*, the court found hourly rates of $500.00 for an attorney with eleven years of experience, $400.00 for an attorney with five years of experience, $300.00 for an attorney with three years of experience, and $250.00 for an attorney with two years of experience to be appropriate. (Doc. No. 42-6 at 4.) Although the court in *Jay F.* did not elaborate on how much experience each of the attorneys in question had in the area of special education law, this court notes that it is apparent in that case the rate of $500.00 per hour was awarded to an attorney with less total experience than that of attorney Marcus, the rate of $400.00 was awarded to an

---

[3] In this regard, attorney Cynthia Rice, Director of Litigation, Advocacy and Training at CRLA, outlines her hourly rate as well as those of her colleagues, but does not state that she or her colleagues represent children with special education needs. (Doc. 42-11.) Attorney Shaw's declaration does not shed any light on what special education practitioners are paid in the Central District (Doc. No. 42-9.) Absent from attorney Kaeser's declaration is any information that could assist the court in determining the market rate for special education practitioners in the Central District. (See Doc. No. 42-8.) Attorneys Marcus and Gallagher do state their belief as to the applicable market rates in the Central District of California for attorneys of various levels of experience in this area of practice (Doc. Nos. 42-1 & 42-7), but it is their own fee application that is before the court. (at 2.) Finally, attorney Grey declares that as part of his practice, he remains "abreast of current market rates paid to attorneys who represent disabled students in claims against school districts" and concludes that the rates requested by defendants' attorneys here are "very reasonable." (Doc. No. 42-10 at 4-5.).

9

attorney with less total experience than that of attorney Kaeser, the rate of $300.00 was awarded to an attorney with less total experience than that of attorney Gallagher, and the rate of $250.00 was awarded to an attorney with similar experience to that of attorney Fierro. Finally, in *Wright*, after "conduct[ing] a review of IDEA cases arising in the Central District," Magistrate Judge Thurston concluded:

> The hourly rate will be reduced to $425 for Ms. Marcus. In addition, when compared with the hourly rates billed by attorneys with significant experience in special education cases, who reported hourly rates ranging from $350 to $525, the rate for Mr. Kaeser, who has "nearly two" years of experience with special education law, will be reduced to $275. Further, the Court will award the hourly rate of $175 to Ms. Gallagher and Ms. Fierro, who have been in practice for less than five years. *See Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011) (concluding "the district court did not abuse its discretion either by relying, in part, on its own knowledge and experience" to determine reasonable hourly rates).

*Wright*, 2017 WL 3334015 at *6.

Based on all of the foregoing, the court will award the following hourly rates to defense counsel: $475.00 for services rendered by attorney Marcus's since January 2018; $450 for services rendered by attorney Marcus's prior to January 2018; $300.00 for work performed by attorney Kaeser; $275.00 for work performed by attorney Gallagher; and $250.00 for work performed by attorney Fierro. Over a year ago, attorney Marcus was awarded an hourly rate of $425.00 in this district, and the court finds that a slight increase in the hourly rate for her work in connection with the administrative hearing and an additional increase for her work performed since January 2018 is warranted, given that (1) hourly attorney fee rates generally increase over time with inflation and (2) as discussed above, other district courts applying market rates for the Central District of California have awarded higher hourly rates to attorneys with less experience and expertise than that possessed by attorney Marcus. Over a year ago, attorney Kaeser was awarded an hourly rate of $275.00 in this district, and the court finds that a slight increase for his services in the administrative hearing is also warranted. Over a year ago, attorneys Gallagher and Fierro were awarded hourly rates of $175.00 in this district, and the court finds a substantial increase for each is warranted in light of the prevailing market rates in the Central District for attorneys with comparable levels of skill and experience.

The district, relying on the *Kerr* factors, contends that any increase in the award of hourly rates from those previously awarded by Magistrate Judge Thurston to these same attorneys in August of 2017 is not warranted because lay advocates can represent students in special education administrative hearings and the underlying matter was, according to the district, a "routine and simple" issue which was "not novel or difficult." (Doc. No. 43 at 11–12.) The district further argues that attorney Marcus was not precluded from working on other matters due to her representation of defendants. (*Id.* at 12.) These arguments are unavailing. First, the *Kerr* factors are applied after the lodestar has been calculated—a downward adjustment to the requested rates themselves is therefore not appropriate based on consideration of the *Kerr* factors. Second, even after the lodestar has been calculated, "[a]djustments to the lodestar amount are allowed only if circumstances warrant . . . and are reserved for rare or exceptional cases." *Rouse*, 603 F.3d at 704; *see also Cunningham v. County of Los Angeles*, 879 F.2d 481, 488 (9th Cir. 1988). Accordingly, no circumstances present here warrant a downward adjustment from the lodestar amount based on consideration of the *Kerr* factors. Whether or not the underlying administrative hearing was routine or simple[4], the evidence before the court establishes that, by its nature, special education law is a specialized area of the law and is practiced only by a handful of practitioners. Moreover, the rates the court has awarded defense counsel are reasonable in light of the prevailing market rates in the Central District of California and what special education practitioners have been awarded.

3. <u>Number of Hours to be Awarded</u>

Defense counsel submitted the following number of hours billed relating to the administrative hearing: for attorney Marcus, a total of 82.1 hours; and for attorney Kaeser, a total of 17.4 hours. (Doc. No. 42-17 at 5.) Defendants submitted the following number of attorney hours devoted to defending the ALJ's decision before this court: for attorney Marcus, a total of 64.1 hours, with 40.9 of those hours billed for services rendered before 2018, and 23.2 of those

---

[4] The district's contention that the underlying matter was "routine and simple" and not "novel or difficult" is undercut at least somewhat by the district's decision to litigate this matter at the administrative level and then appeal from the ALJ's decision to this court. If the issues presented were clearly "routine and simple," it is unlikely that they would call for such litigation.

11

hours for services rendered after 2018[5]; for Ms. Gallagher a total of 1.9 hours; and for Ms. Fierro, a total of 2.7 hours. (Doc. No. 42-18 at 5.)

Although the district initially disputed the number of hours billed by defense counsel, at the hearing on the pending motion that disagreement was resolved. While the district no longer objects to the number of hours billed by defense counsel, "the court has an independent obligation to ensure that the fees awarded are reasonable." *L.A. Unified Sch. Dist. v. C.M.*, No. CV 08–00424 MMM (JCx), 2009 WL 10672592, at *10 (C.D. Cal. Sept. 16, 2009). Because attorney Marcus appeared telephonically at the December 4, 2018 hearing, the court will strike the three hours she billed in anticipation of travelling to Fresno for that hearing. The total hours billed by attorney Marcus in 2018 will therefore be reduced from 23.2 hours to 20.2 hours. The court has reviewed the remaining time entries submitted by defense counsel and finds that none of them are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. The court therefore concludes that the attorney hours claimed are reasonable.

    4.    <u>Lodestar Calculation</u>

Based on the rates and hours outlined above, the lodestar calculation is as follows:

1. $36,945.00 for services rendered by attorney Marcus in connection with the administrative hearing;
2. $5,220.00 for services rendered by attorney Kaeser in connection with the administrative hearing;
3. $18,450.00 for services rendered by attorney Marcus prior to 2018 in the litigation before this court;
4. $9,595.00 for services rendered by attorney Marcus in 2018 in the litigation before this court;

/////

---

[5] The invoice for attorney time devoted to the litigation before this court miscounts the number of hours attorney Marcus worked on this matter in 2018. The invoice states that she expended 16.70 hours in 2018, but in reviewing the invoice the court finds that she actually billed 23.2 hours to this litigation in 2018. (*See* Doc. No. 42-18 at 4.) Because the miscalculation is not insignificant, the court will correct it here.

12

5. $522.50 for services rendered by attorney Gallagher in the litigation before this court; and

6. $675.00 for services rendered by attorney Fierro in the litigation before this court.

The total lodestar amount is therefore $71,407.50. As discussed above, the court concludes that a downward adjustment based on consideration of the *Kerr* factors is not warranted here.

### 5. Costs

Defendants also seek reimbursement for costs incurred in the administrative hearing and in the litigation before this court. For the administrative hearing, defendants seek reimbursement for: (1) a per diem of $185.00 for the two days attorney Marcus spent at the administrative hearing, totaling $370.00; and (2) $44.56 for overnight delivery of an evidence binder. (Doc. No. 42-17 at 5.) For the district court litigation, defendants seek $30.00 for the cost of calling into the court's telephonic hearing. (Doc. No. 42-18 at 5.) These are costs that would normally be billed by an attorney to clients, and the costs claimed are reasonable. Therefore, the award of costs is appropriate. *See, e.g.*, *Chalmers*, 796 F.2d at 1216 ("Plaintiffs are entitled to their transportation costs as part of an award of fees . . . .. Even though not normally taxable as costs, out-of-pocket expenses incurred by an attorney which would normally be charged to a fee paying client are recoverable as attorney's fees."). The court concludes that defendants are also entitled to a total of $444.56 in reimbursements for costs.

## CONCLUSION

Based on the foregoing, defendants' motion for attorneys' fees and costs (Doc. No. 42) is granted in part and defense counsel a is awarded a total of $71,852.06 in attorneys' fees and costs.

IT IS SO ORDERED.

Dated: **January 25, 2019**

_____
UNITED STATES DISTRICT JUDGE